# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSHUA L. PRICE,

        Petitioner,  :  Case No. 2:22-cv-2200

  - vs -                                         District Judge Sarah D. Morrison
                                                     Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
  Chillicothe Correctional Institution,

                                                   :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Joshua Price pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Franklin County Court of Common Pleas for attempted aggravated burglary and aggravated Robbery with firearm specifications (Petition, ECF No. 1, PageID 1).

The relevant pleadings are the Petition (ECF No. 1 and 2[1]), the State Court Record (ECF No. 9), the Return (ECF No. 10), and the Reply/Traverse (ECF No. 13).

**Litigation History**

On September 5, 2012, a Franklin County Grand Jury indicted Price on thirty-three counts. (Indictment, State Court Record, ECF No. 9, Ex. 1). Specifically, he was indicted on one count of

---

[1] ECF No. 2, docketed as "Notice," includes pages intended to be part of the Petition.

1

attempted burglary, (Count 1); eight counts of aggravated robbery, (Counts 2, 7-13); sixteen counts of robbery, (Counts 3, 4, 14-27); seven counts of kidnapping, (Counts 5, 28-32); and one of aggravated burglary (Count 33) in criminal case 12CR004513.  In June, 2013, he withdrew his former not guilty pleas and pled guilty to attempted aggravated burglary in violation of Ohio Revised Code § 2923.02/2911.11 with a three-year firearm specification; aggravated robbery in violation of Ohio Revised Code § 2911.01, also with a three-year firearm specification; and six additional counts of aggravated robbery in violation of Ohio Revised Code § 2911.01, each with a three-year firearm specification (Plea, State Court Record, ECF No. 9, Ex. 4).  He was sentenced to twenty-two years imprisonment and five years post-release control. *Id.* at Ex. 5.

Price appealed to the Ohio Tenth District Court of Appeals, claiming the multiple firearm specifications should have been merged (Appellant's Brief, State Court Record, ECF No. 9, Ex. 9, PageID 111).  The Tenth District affirmed.  *Id.* at Ex. 11.  Price did not appeal to the Supreme Court of Ohio.

On January 6, 2015, Price filed a *pro se* motion for re-sentencing. *Id.* at Ex. 12.  The trial court overruled the motion on grounds that the record showed post-release control was mandatory in the case. *Id.* at Ex. 15.  Price sought a delayed appeal which the Tenth District denied on grounds the motion for resentencing as effectively a petition for post-conviction relief under Ohio Revised Code § 2953.21 as to which no delayed appeal is permit.  *Id.* at Ex. 19.  Again Price took no appeal to the Supreme Court of Ohio.

On March 9, 2017, Price filed a *pro se* Motion to Vacate Sentence. *Id.* at Ex. 21.  The trial court denied the Motion. *Id.* at Ex. 23.  The Tenth District affirmed, both originally and on reconsideration. *Id.* at Exs. 29 and 33.  Again, Price did not appeal to the Ohio Supreme Court.

On June 11, 2021, Price filed a *pro se* motion to correct his sentence. *Id.* at Exhibit 35.  The trial court denied the motion on the basis of *res judicata* and law of the case, as argued by the State.

*Id.* at Ex. 37. The Tenth District dismissed the appeal. *Id.* at Ex. 42. Price then, for the first time in this case, appealed to the Supreme Court of Ohio. *Id.* at Ex. 44. However, that court declined to exercise jurisdiction. *Id.* at Ex. 47.

Price then filed his Petition for Writ in this Court, raising one claim for relief:

> **GROUND ONE**: Equal Protection
>
> **Supporting Facts**: Petitioner was denied the same protection of the laws as mandated by the legislature.

(Petition, ECF No. 1, PageID 5).

# Analysis

Uncertain of what exactly Price is claiming, Respondent asserts the Petition is in any event barred by the statute of limitations, procedurally defaulted, and not cognizable in habeas corpus (Return, ECF No. 10, PageID 491).

**Statute of Limitations**

28 U.S.C. § 2244(d) as enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Price's conviction became final on direct review when his time to appeal to the Ohio Supreme Court from the initial decision of the Tenth District expired. The Tenth District's decision was filed September 18, 2014 (Decision, State Court Record, ECF No. 9, Ex. 11). The Ohio Supreme Court Rules of Practice allowed Price forty-five days to appeal or until November 2, 2014. He did not appeal, so his conviction became final on direct appeal on that date. The statute of limitations began to run on that date and expired one year later, November 2, 2015. Because Price did not file until May, 2022, his Petition is barred unless he can excuse the delay.

Price makes no effort to excuse the delay, but claims his sentence is void and Fed. R. Crim. P. 35(A) allows a court to correct a void sentence at any time (Traverse, ECF No. 13, PageID 512). However, that rule does not apply in habeas corpus cases, but rather to the situation where a federal judge has imposed a void sentence in a case which began in federal court, i.e., a federal prosecution. This is a habeas corpus case in which Petitioner is attacking a state sentence. 28 U.S.C. § 2244(d) contains exceptions to the one-year limitation rule, but none for situations in

4

which the petitioner claims the state sentence is void.[2]

Because Price's Petition was filed more than six years after his conviction became final on direct appeal, it should be dismissed with prejudice as barred by 28 U.S.C. § 2244.

**Procedural Default**

Respondent also asserts Price's claim is barred by his procedural default in failing to present it on direct appeal to the Supreme Court of Ohio.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

---

[2] The Magistrate Judge offers no opinion on whether Price's sentence is void under Ohio law.

Price does not deny the State's claim that he did not appeal the original decision of the Tenth District to the Supreme Court of Ohio. He could not do so now because the Ohio Supreme Court would undoubtedly enforce against him the forty-five day time limit on appeals. The Sixth Circuit has long held that that time limit is an independent and adequate state rule of procedure. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Price does not respond to the procedural default defense or offer any excusing cause and prejudice.

The Magistrate Judge concludes Respondent's procedural default defense is well taken. The Petition should be dismissed with prejudice because Price did not submit his claim to the Supreme Court of Ohio on direct appeal.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 12, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
